1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  LABARAN K. MOHAMMED,          )        No. C 12-3308 RMW (PR)
                                   )
         Petitioner,              )        ORDER TO SHOW CAUSE;
12                                 )        ORDER DENYING MOTION FOR
     vs.                          )        LEAVE TO PROCEED IN
13                                 )        FORMA PAUPERIS; ORDER
                                   )        DENYING MOTION FOR
14  WARDEN P.D. BRAZELTON,         )        APPOINTMENT OF COUNSEL
                                   )
15         Respondent.            )
    _____)       (Docket Nos. 2, 3)
16

17        Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus

18  pursuant to 28 U.S.C. § 2254.[1]  Petitioner's motion for leave to proceed in forma pauperis is

19  DENIED.  The court orders respondent to show cause why a writ of habeas corpus should not be

20  granted.

21                              **BACKGROUND**

22        According to his petition, a Hayward County Superior Court jury convicted petitioner of

23  second degree robbery.  On March 15, 2010, the trial court sentenced petitioner to the upper-

24  term of five years.  In 2011, the California Court of Appeal affirmed the judgment, and the

25

26  _____

27        [1]  Pursuant to Federal Rule of Civil Procedure 25(d)(1), the court substitutes Warden P.D.
     Brazelton, the current warden of Pleasant Valley State Prison, for "the People of the State of
     California" as Respondent in this matter.
28

    Order to Show Cause; Order Denying Motion for Leave to Proceed in Forma Pauperis; Order Denying Motion for
    Appointment of Counsel
    G:\PRO-SE\SJ.Rmw\HC.12\Mohammed308oscdenifp.wpd

1   California Supreme Court denied review.  Petitioner filed the instant federal petition on June 27,

2   2012.

3                                            **DISCUSSION**

4   **A.**     <u>**Standard of Review**</u>

5         This court may entertain a petition for writ of habeas corpus "in behalf of a person in

6   custody pursuant to the judgment of a state court only on the ground that he is in custody in

7   violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); <u>Rose</u>

8   <u>v. Hodges</u>, 423 U.S. 19, 21 (1975).

9         A district court shall "award the writ or issue an order directing the respondent to show

10   cause why the writ should not be granted, unless it appears from the application that the

11   applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

12   **B.**     <u>**Petitioner's Claims**</u>

13         As grounds for federal habeas relief petitioner claims that:  (1) he received ineffective

14   assistance of counsel because counsel failed to use an identification expert to challenge the

15   eyewitness identification, and (2) the trial court's imposition of the upper term sentence violated

16   petitioner's Sixth Amendment rights.  Liberally construed, petitioner's allegations are sufficient

17   to require a response.  The court orders respondent to show cause why the petition should not be

18   granted.

19   **C.**     <u>**Motion for Appointment of Counsel**</u>

20         The Sixth Amendment's right to counsel does not apply in habeas corpus actions.

21   <u>Knaubert v. Goldsmith</u>, 791 F.2d 722, 728 (9th Cir. 1986).  While 18 U.S.C. § 3006A(a)(2)(B)

22   authorizes a district court to appoint counsel to represent a habeas petitioner if "the court

23   determines that the interests of justice so require," the courts have made appointment of counsel

24   the exception rather than the rule.  Appointment is mandatory only when the circumstances of a

25   particular case indicate that appointed counsel is necessary to prevent due process violations.

26   <u>See</u> <u>Chaney v. Lewis</u>, 801 F.2d 1191, 1196 (9th Cir. 1986).

27         Petitioner has thus far been able to adequately present his claims for relief.  Respondent

28

Order to Show Cause; Order Denying Motion for Leave to Proceed in Forma Pauperis; Order Denying Motion for
Appointment of Counsel
G:\PRO-SE\SJ.Rmw\HC.12\Mohammed308oscdenifp.wpd   2

1  is directed to produce the state record, which includes petitioner's state appellate briefs prepared

2  by counsel.  No evidentiary hearing appears necessary in this case, nor are any other

3  extraordinary circumstances apparent.  Accordingly, the court concludes that appointment of

4  counsel is not necessary at this time.  Petitioner's motion for appointment of counsel is DENIED

5  without prejudice.

**CONCLUSION**

6

7       1.      Petitioner's motion to proceed in forma pauperis is DENIED.  Petitioner must pay

8  the $5 filing fee within **thirty (30) days** of the date of this order or face dismissal of this action

9  for failure to pay the filing fee.

10      2.      The clerk shall serve by mail a copy of this order and the petition (docket no. 1)

11  and all attachments thereto upon the respondent and the respondent's attorney, the Attorney

12  General of the State of California.  The clerk shall also serve a copy of this order on the

13  petitioner.

14      3.      Respondent shall file with the court and serve on petitioner, within **ninety days** of

15  the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing

16  Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.

17  Respondent shall file with the answer and serve on petitioner a copy of all portions of the

18  underlying state criminal record that have been transcribed previously and that are relevant to a

19  determination of the issues presented by the petition.

20      If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the

21  court and serving it on respondent within **thirty days** of the date the answer is filed.

22      4.      Respondent may file a motion to dismiss on procedural grounds in lieu of an

23  answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section

24  2254 Cases within **ninety days** of the date this order is filed.  If respondent files such a motion,

25  petitioner shall file with the court and serve on respondent an opposition or statement of non-

26  opposition within **thirty days** of the date the motion is filed, and respondent **shall** file with the

27  court and serve on petitioner a reply within **fifteen days** of the date any opposition is filed.

28

Order to Show Cause; Order Denying Motion for Leave to Proceed in Forma Pauperis; Order Denying Motion for
Appointment of Counsel
G:\PRO-SE\SJ.Rmw\HC.12\Mohammed308oscdenifp.wpd    3

1         5.     It is petitioner's responsibility to prosecute this case.  Petitioner is reminded that

2    all communications with the court must be served on respondent by mailing a true copy of the

3    document to respondent's counsel.  Petitioner must keep the court and all parties informed of any

4    change of address by filing a separate paper captioned "Notice of Change of Address."  He must

5    comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal

6    of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7         IT IS SO ORDERED.

8    DATED: _____

         *Ronald M. Whyte*

9             _____
         RONALD M. WHYTE
         United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LABARAN K. MOHAMMED,

        Plaintiff,

   v.

PEOPLE OF THE STATE OF CA et al,

        Defendant.

_____/

Case Number: CV12-03308 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 12, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Labaran K Mohammed G58330
PVSP
B3-207-UP
PO BOX 8500
Coalinga, CA 93210

Dated: October 12, 2012

                      Richard W. Wieking, Clerk
                      By: Jackie Lynn Garcia, Deputy Clerk