1

2

3 EＯＦＺＳＯＯＯＡ圧ＡＦＥＢＦＧＢＦＧＥ

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

| | | |
|---|---|---|
| LABARAN K. MOHAMMED, | ) | No. C 12-3308 RMW (PR) |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE; |
| | ) | ORDER DENYING MOTION FOR |
| vs. | ) | LEAVE TO PROCEED IN |
| | ) | FORMA PAUPERIS; ORDER |
| | ) | DENYING MOTION FOR |
| WARDEN P.D. BRAZELTON, | ) | APPOINTMENT OF COUNSEL |
| | ) | |
| Respondent. | ) | |
| | ) | (Docket Nos. 2, 3) |

17        Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus

18 pursuant to 28 U.S.C. § 2254.[1]  Petitioner's motion for leave to proceed in forma pauperis is

19 DENIED.  The court orders respondent to show cause why a writ of habeas corpus should not be

20 granted.

21                                **BACKGROUND**

22        According to his petition, a Hayward County Superior Court jury convicted petitioner of

23 second degree robbery.  On March 15, 2010, the trial court sentenced petitioner to the upper-

24 term of five years.  In 2011, the California Court of Appeal affirmed the judgment, and the

25

26 _____

27        [1]  Pursuant to Federal Rule of Civil Procedure 25(d)(1), the court substitutes Warden P.D.
Brazelton, the current warden of Pleasant Valley State Prison, for "the People of the State of
28 California" as Respondent in this matter.

Order to Show Cause; Order Denying Motion for Leave to Proceed in Forma Pauperis; Order Denying Motion for
Appointment of Counsel
G:\PRO-SE\SJ.Rmw\HC.12\Mohammed308oscdenifp.wpd

1  California Supreme Court denied review.  Petitioner filed the instant federal petition on June 27,

2  2012.

3                                              **DISCUSSION**

4  **A.**    **Standard of Review**

5          This court may entertain a petition for writ of habeas corpus "in behalf of a person in

6  custody pursuant to the judgment of a state court only on the ground that he is in custody in

7  violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose

8  v. Hodges, 423 U.S. 19, 21 (1975).

9          A district court shall "award the writ or issue an order directing the respondent to show

10  cause why the writ should not be granted, unless it appears from the application that the

11  applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

12  **B.**    **Petitioner's Claims**

13          As grounds for federal habeas relief petitioner claims that:  (1) he received ineffective

14  assistance of counsel because counsel failed to use an identification expert to challenge the

15  eyewitness identification, and (2) the trial court's imposition of the upper term sentence violated

16  petitioner's Sixth Amendment rights.  Liberally construed, petitioner's allegations are sufficient

17  to require a response.  The court orders respondent to show cause why the petition should not be

18  granted.

19  **C.**    **Motion for Appointment of Counsel**

20          The Sixth Amendment's right to counsel does not apply in habeas corpus actions.

21  Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986).  While 18 U.S.C. § 3006A(a)(2)(B)

22  authorizes a district court to appoint counsel to represent a habeas petitioner if "the court

23  determines that the interests of justice so require," the courts have made appointment of counsel

24  the exception rather than the rule.  Appointment is mandatory only when the circumstances of a

25  particular case indicate that appointed counsel is necessary to prevent due process violations.

26  See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986).

27          Petitioner has thus far been able to adequately present his claims for relief.  Respondent

28

is directed to produce the state record, which includes petitioner's state appellate briefs prepared by counsel.  No evidentiary hearing appears necessary in this case, nor are any other extraordinary circumstances apparent.  Accordingly, the court concludes that appointment of counsel is not necessary at this time.  Petitioner's motion for appointment of counsel is DENIED without prejudice.

## CONCLUSION

1.     Petitioner's motion to proceed in forma pauperis is DENIED.  Petitioner must pay the $5 filing fee within **thirty (30) days** of the date of this order or face dismissal of this action for failure to pay the filing fee.

2.     The clerk shall serve by mail a copy of this order and the petition (docket no. 1) and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on the petitioner.

3.     Respondent shall file with the court and serve on petitioner, within **ninety days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of the date the answer is filed.

4.     Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **ninety days** of the date this order is filed.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **thirty days** of the date the motion is filed, and respondent **shall** file with the court and serve on petitioner a reply within **fifteen days** of the date any opposition is filed.

1    5.    It is petitioner's responsibility to prosecute this case.  Petitioner is reminded that

2 all communications with the court must be served on respondent by mailing a true copy of the

3 document to respondent's counsel.  Petitioner must keep the court and all parties informed of any

4 change of address by filing a separate paper captioned "Notice of Change of Address."  He must

5 comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal

6 of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7    IT IS SO ORDERED.

8 DATED: _____

*Ronald M. Whyte*

_____
RONALD M. WHYTE
United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

LABARAN K. MOHAMMED,

          Plaintiff,

   v.

PEOPLE OF THE STATE OF CA et al,

          Defendant.

_____/

Case Number: CV12-03308 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 12, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Labaran K Mohammed G58330
PVSP
B3-207-UP
PO BOX 8500
Coalinga, CA 93210

Dated: October 12, 2012

          Richard W. Wieking, Clerk
          By: Jackie Lynn Garcia, Deputy Clerk